IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN AND PATRICIA ALLEN,** | § § § § | |
| Plaintiffs, | § § | CASE NO. 4:18-CV-00862 |
| v. | § § | |
| **ALLSTATE INSURANCE COMPANY,** | § § | |
| Defendant. | § | |

### RULE 26(F) JOINT CONFERENCE REPORT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, ROBERT ALLEN and PATRICIA ALLEN, and Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"), a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968, as amended[1] (42 U.S.C. § 4001 *et seq.*), appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] pursuant to Court's Order [Doc. 6], respectfully submitting the following Joint Discovery/Case Management Plan:

**1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

**RESPONSE:**   The parties conducted the 26(f) conference on June 4, 2018 and thereafter by various email exchanges through which the instant case management plan was developed.   The following counsel conferred:

Patterson, Boyd & Lowery, P.C.
William C. Boyd
Counsel for Plaintiffs

---

[1] 42 U.S.C. § 4001 *et seq*.
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v Aetna Cas. & Surety Co.,* 143 F.3d 951, 953 (5th Cir. 1998).

  Deani Milano
  Nielson & Treas, LLC
  Counsel for Allstate

  Bradley K. Jones
  BAKER & HOSTETLER, LLP
  Counsel for Allstate

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court.**

  **RESPONSE:** This case was removed from *Robert Allen and Patricia Allen v. Allstate Insurance Company*, Cause No. 2017-83835, in the 113th Judicial District Court of Harris County, Texas.

**3.** <u>**Briefly**</u> **describe what this case is about.**

  **PLAINTIFFS' RESPONSE:**

  Plaintiffs acquired a Standard Flood Insurance Policy number 1802201226 ("SFIP") covering Plaintiffs' residence at 14814 Avila Bend, Houston, TX 77095. Plaintiff's Policy had $250,000 in coverage for the dwelling, with a $1,250 deductible, and $100,000 for the contents of the residence, with a $1,250 deductible.

  Plaintiffs' residence was damaged by flooding caused by a rain storm on April 18, 2016. Plaintiffs filed timely a Proof of Loss and Defendant sent an independent adjuster to the residence for inspection. The Adjuster agreed the residence had suffered flood damages covered by Plaintiffs' SFIP policy and agreed to have Plaintiffs' claim paid in the amount of $162,962.47 for damages to Plaintiffs' dwelling and $100,000.00 for damages to Plaintiffs' contents.

  At the time of the inspection by Defendant's Adjuster, the Adjuster discovered there existed additional damages to Plaintiffs' dwelling which were not included in the original $162,962.47 claim.. Defendant's Adjuster suggested Plaintiffs accept the $162,962.07 and file a supplemental claim to cover the additional discovered damages. Plaintiffs did as the Adjuster suggested and filed a supplemental claim for to cover the damages to the dwelling not included in the original claim. Timely filed within the time permitted by the policy. Although the supplemental claim was filed timely with supporting documents Defendant kept requesting Plaintiffs provide additional documents to support Plaintiffs' supplemental proof of damages. With each request Plaintiffs provided the additional requested documents. Defendant's requests for additional documents continued as late as the fall of 2017. After Plaintiffs filed their supplemental claim Defendant sent another adjuster to Plaintiffs' residence to adjust Plaintiffs' supplemental claim for damages to the dwelling.

  At no time has Defendant ever advised Plaintiffs in writing that their supplemental claim for additional damages to their dwelling had been denied. To the contrary Defendant

advised Plaintiffs, as late as June, 2017, that Plaintiffs' supplemental claim was still being considered and adjusted by Defendant.

Plaintiffs' claim that Plaintiffs' residence was damaged by flooding; the damages are covered by the SFIP policy; the damages are damages found in addition to Plaintiffs' original claim and Proof of Loss; that Plaintiffs have timely complied with all terms of the SFIP Policy and with Federal Law; and have performed all conditions precedent to filing a claim for damages to Plaintiffs' dwelling and recovery of damages.

Plaintiffs' supplemental claim and Proof of Loss has not been fully paid and Plaintiffs' supplemental claim and suit is not barred by Federal Law or by the Policy.

**DEFENDANT'S RESPONSE:**

Allstate, acting as a Write-Your-Own Program carrier, issued Standard Flood Insurance Policy number 1802201226 ("SFIP") to Plaintiffs covering the dwelling located at 14814 Avila Bend, Houston, TX 77095. Plaintiff's SFIP had $250,000 in coverage for the building, with a $1,250 deductible, and $100,000 for the contents of the building, with a $1,250 deductible.

The subject flood loss was fully paid pursuant to the terms of the National Flood Insurance Program and the SFIP. The property was damaged by a general condition of flooding caused by accumulation of rain on April 18, 2016. The loss was assigned to an independent adjuster who inspected the property on April 22, 2016. Notably, the adjuster is provided as a courtesy only, and the insured is responsible for presenting their claim. *See* SFIP art. VII(J)(7). The adjuster observed that the home had suffered a flood loss, and Plaintiffs were paid $162,962.47 for their coverage A (dwelling) damages and policy limits of $100,000.00 for coverage B (contents) damages.

Plaintiffs' request for additional coverage is barred by federal law. Claims against a WYO insurer must be filed in the United States District for the district in which the insured property is situated within one (1) year of the mailing of disallowance or partial disallowance of a claim. 44 C.F.R. § 62.22. Allstate sent a letter to plaintiffs denying additional coverage on May 23, 2016. Plaintiffs, however, did not file suit until December 19, 2017, in state court, which more than one year from the date of the denial of all or part of the claim, and further, the lawsuit was improperly filed in state court.

Allstate disputes that any additional items claimed were covered under the policy or damaged by flood. Allstate affirmatively alleges that the Plaintiffs' claim has been accurately adjusted and that all monies owed for the Plaintiffs' flood loss claim have been paid.

4. **Specify the allegation of federal jurisdiction.**

   **Response:** Federal jurisdiction exists pursuant to 42 U.S.C. § 4072 which provides Federal Courts with original exclusive jurisdiction over administration and claims handling matters under the SFIP. Additionally, Federal question jurisdiction exists pursuant to 28

U.S.C. § 1331 because the SFIP is a codified Federal Regulation found in its entirety at 44 C.F.R. pt. 61, app. A(1) and is governed exclusively by federal law and the NFIA. Federal jurisdiction also is predicated on 28 U.S.C. § 1337 which provides that the District Courts have jurisdiction in any civil act or proceeding arising under any Act of Congress regulating commerce.

**5.** **Name the parties who disagree and the reasons.**

**Response:** None.

**6.** **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

**Response:** No additional parties are known at this time.

**7.** **List anticipated interventions.**

**Response:** No interventions are anticipated at this time.

**8.** **Describe class-action issues.**

**Response:** No class-action issues are anticipated at this time.

**9.** **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

**Response:** Allstate made its initial disclosures on April 4, 2018. Plaintiffs made amended initial disclosures on May 20, 2018.

**10.** **Describe the proposed agreed discovery plan, including:**

**A.** **Responses to all the matters raised in Rule 26(f), including any agreements and disputes concerning electronic discovery;**

**Response:** The parties do not anticipate changes in the timing, form, or requirement for Rule 26 disclosures.

The parties discussed the subjects on which discovery is needed, and they do not believe it necessary to conduct discovery in phases. The parties believe discovery can be completed within seven (7) months of the Rule 16 Conference.

The parties do not believe this case presents unique issues about disclosures, discovery, or preservation of ESI.

The parties do not believe this case presents unique issues regarding claims of privilege or protection of trial-preparation materials.

4

    The parties do not believe changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or local rules are necessary at this time.

    Aside from the parties' proposed scheduling order, no other orders under Rules 26(c) or 16(b) are contemplated at this time.

**B.**    **When and to whom the plaintiff anticipates it may send interrogatories;**

**Response:**    Plaintiffs may propose interrogatories to Allstate. . The parties agreed to a discovery deadline of January 25, 2019.

**C.**    **When and to whom the defendant anticipates it may send interrogatories;**

**Response:**    Defendant will propound interrogatories to plaintiffs. The parties agreed to a discovery deadline of January 25, 2019.

**D.**    **Of whom and by when the plaintiff anticipates taking oral depositions;**

**Response:**    Plaintiffs anticipate taking depositions of Allstate repesentatives including its inside and outside adjusters and its experts who will testify at trial or whose consultations will be used as a basis of any testimony. The parties agreed to a discovery deadline January 25, 2019.

**E.**    **Of whom and by when the defendant anticipates taking oral depositions;**

**Response:**    Allstate anticipates taking depositions of persons with relevant knowledge of the facts and circumstances of the incident in question, including but not limited to Plaintiffs and any and all contractor(s) or other expert(s) Plaintiffs intend to call at trial. The parties agreed to a discovery deadline January 25, 2019.

**F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**Response:**    Plaintiffs can designate Plaintiffs' Experts on or before September 1, 2018 and provide Expert reports by that date.

**G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**Response:**    Plaintiff will take the deposition of Allstate's designated experts and experts whose consultation will be the basis of any testimony. The depositions will be scheduled after receipt of Allstate's expert reports. Plaintiffs can complete the depositions within 60 days after receipt of Allstate's experts reports. The parties agreed to a discovery deadline of January 25, 2019.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

    **Response:** Allstate anticipates taking depositions of any and all contractor(s) who have prepared estimates or performed repair work at the property or other expert(s) Plaintiffs intend to call at trial. The parties agreed to a discovery deadline of January 25, 2019.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    **Response:** None.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    **Response:** The parties have had discussions regarding general categories of documents to be produced.

**13.** **State the date the planned discovery can reasonably be completed.**

    **Response:** The parties agreed to a discovery deadline of January 25, 2019.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    **Response:** The parties are conducting voluntary settlement negotiations following completion of preliminary factual discovery and will consider participating in mediation and/or a settlement conference before the Magistrate Judge if those negotiations fail.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    **Response:** The parties began preliminary discussions and agreed to take the steps necessary to bring about a prompt resolution, including ongoing settlement negotiations.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    **Response:** The parties will consider participating in mediation and/or a settlement conference before the Magistrate Judge if their initial settlement negotiations fail.

**17.** **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **Response:** The parties do not consent to a trial before a magistrate judge in this matter.

**18.** **State whether a jury demand has been made and if it was made on time.**

> **Response:**   There is no jury demand.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

> **Response:**   The parties believe the evidence in this case can be presented in sixteen (16) hours.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

> **Response:**   None.

**21.** **List other motions pending.**

> **Response:**   None.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

> **Response:**   None at this time.

**23.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

> **Response:**   Allstate filed its certificate of interested parties statement on April 27, 2018. Plaintiffs filed their certificate of interested parties on May 1, 2018.

24.  **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Response:**

| | |
|---|---|
| **PATTERSON, BOYD & LOWERY, P.C.**<br>William C. Boyd<br>State Bar No. 02779000<br>Fed. Bar # 12281<br>Email: wboyd@pattersonboyd.com<br>S. Scott Boyd<br>State Bar No. 24026909<br>Email: ssboyd@pattersonboyd.com<br>2101 Louisiana St.<br>Houston, Texas 77002<br>Phone: 713-222-0351<br>Fax: 713-759-0642<br>**COUNSEL FOR PLAINTIFFS** | **NIELSEN & TREAS, LLC**<br>Deani Beard Milano, Esq.<br>Federal ID No. 365623<br>Louisiana State Bar No. 24358<br>3838 North Causeway Blvd., Suite 2850<br>Metairie, LA 70002<br>Tel.: 504-837-2500<br>Fax: 504-832-9165<br>**COUNSEL FOR DEFENDANT ALLSTATE INSURANCE COMPANY**<br><br>**BAKER & HOSTETLER, LLP**<br>Douglas D. D'Arche<br>State Bar No. 00793582<br>Federal ID No. 00793582<br>Bradley K. Jones<br>State Bar No. 24060041<br>Federal ID No. 931122<br>E-mail: ddarche@bakerlaw.com<br>811 Main St., Suite 1100<br>Houston, Texas 77002<br>Telephone: (713) 751-1600<br>Facsimile: (713) 751-1717<br>E-mail: bkjones@bakerlaw.com<br>**COUNSEL FOR DEFENDANT ALLSTATE INSURANCE COMPANY** |

Dated: June 15, 2018.    **BAKER & HOSTETLER, LLP**

By: */s/ Bradley K. Jones*
 Douglas D. D'Arche
 State Bar No. 00793582
 Bradley K. Jones
 State Bar No. 24060041
 811 Main St., Suite 1100
 Houston, Texas 77002
 Telephone: (713) 751-1600
 Facsimile: (713) 751-1717
 E-mail: ddarche@bakerlaw.com
 bkjones@bakerlaw.com

AND

**NIELSEN & TREAS, LLC**

By: */s/ Deani Beard Milano.*
 Deani Beard Milano, Esq.
 Federal ID 365623
 LSBA No. 24358
 3838 North Causeway Blvd., Suite 2850
 Metairie, LA 70002
 Tel.: 504-837-2500
 Fax: 504-832-9165
 Email: dmilao@nct-law.com

**COUNSEL FOR DEFENDANT, ALLSTATE INSURANCE COMPANY**

AND

        **PATTERSON, BOYD & LOWERY, P.C.**

    By: <u>*William C. Boyd*</u>
       WILLIAM C. BOYD
       State Bar No. 02779000
       Fed. Bar # 12281
       Email: wboyd@pattersonboyd.com
       S. SCOTT BOYD
       State Bar No. 24026909
       Email: ssboyd@pattersonboyd.com
       2101 Louisiana St.
       Houston, Texas 77002
       Phone: 713-222-0351
       Fax: 713-759-0642
    **COUNSEL FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on June 15, 2018, a copy of the foregoing pleading has been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using this Court's CM/ECF system.

        <u>/s/ *Bradley K. Jones*</u>
        Bradley K. Jones